IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL DALTON,** | * | |
| Plaintiff, | * | |
| | | Civil Action No. MJM 24-0852 |
| v. | * | |
| **THE BALTIMORE POST.COM LLC,** | * | |
| Defendant. | * | |

## MEMORANDUM

Plaintiff Michael Dalton ("Plaintiff") filed this civil action against The Baltimore Post.com LLC ("Defendant"), asserting two counts: (1) direct copyright infringement under 17 U.S.C. § 501; and (2) removal or alteration of copyright management information under 17 U.S.C. § 1202. ECF No. 1. Defendant was served, *see* ECF No. 4, but did not timely answer or otherwise defend the claims asserted against it. Upon Plaintiff's motion, the Clerk entered default and issued notice of default to Defendant. ECF Nos. 5, 6, 7. Currently pending is Plaintiff's Motion for Default Judgment, seeking default judgment on his copyright infringement claim and awards of $5,000 in statutory damages, $2,000 in attorneys' fees, and $490 in costs. ECF No. 10. The motion is granted.

A defendant's default must be entered when the defendant fails to plead or otherwise defend against claims asserted in a civil action, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). If the plaintiff's claim against the defaulting defendant is not for a sum certain or ascertainable through computation, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). When reviewing a motion for default judgment, the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations "support the relief sought in this action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). "If the court finds that liability is established, it must then turn to

1

the determination of damages." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (citing *Ryan*, 253 F.3d at 780–81).

Upon review of the well-pleaded allegations in the Complaint, the Court finds the defaulting Defendant liable for copyright infringement under 17 U.S.C. § 501.

In a case that does not involve willful copyright infringement, "the copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2).

Here, the Court does not find that Plaintiff has proved willful infringement and, therefore, finds that an award of statutory damages between $750 and $30,000 is appropriate.

"If statutory damages are elected, '[t]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.'" *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101–02 (N.D. Cal. 2003) (quoting *Harris v. Emus Records Corp.,* 734 F.2d 1329, 1335 (9th Cir. 1984)). "Statutory damages are 'not fixed or readily calculable from a fixed formula.'" *Lowry's Reps., Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 459 (D. Md. 2004) (quoting *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352–53 (1998)). There is no requirement that statutory damages must be strictly related to a plaintiff's losses or a defendant's gain. *Id.* (citing *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952), and other cases).

The Court finds Plaintiff's request for $5,000 in statutory damages to be reasonable and just, in consideration of the fact that Defendant's state of mind and profits from the infringement are not ascertainable due to its non-participation in the litigation.

In its discretion, the Court may award reasonable attorneys' fees and the full amount other costs to a prevailing party in a copyright infringement action. 17 U.S.C. § 505. Here, in consideration of the declaration of counsel and its attachments, *see* ECF Nos. 10-2 through 10-6, the Court finds Plaintiff's request for an award of $2,000 in attorneys' fees to be reasonable and his request for $490 in costs to be supported and appropriate.

By separate Order, the Court will enter default judgment against Defendant and award $5,000 in statutory damages, $2,000 in attorneys' fees, and $490 in costs.

DATE: 1/6/25

                                                /S/
                                      Matthew J. Maddox
                                      United States District Judge